UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO HERREJON HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondents. | No. 1:26-cv-04378-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 3, 4, 5) |

On June 8, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order (Doc. No. 3), a motion to appoint counsel (Doc. No. 4), and a motion to proceed *in forma pauperis* (Doc. No. 5).[1]  Petitioner states in his verified habeas petition that he was paroled into the United States on December 16, 2022 with a CBP One appointment.  (Doc. No. 1 at 6.)

---

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a) and is therefore granted.

1

Petitioner was detained on March 21, 2026 without a warrant or notice of the reason for his detention. (*Id.* at 6–7.)  Prior to his detention, petitioner was living with his sister and minor nephews.  (*Id.* at 7.)

On June 10, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 8.)  In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition.  (*Id.*)

That same day, respondents filed an opposition to petitioner's motion for temporary restraining order, in which they request that the court rule on the merits of the petition based on the current briefing.  (Doc. No. 9 at 1–2.)  Respondents concede that there are no material factual or legal differences between this case and the cases identified in the court's order.  (*Id.* at 1.)  Respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (*id.*), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

In light of petitioner's previous release into the United States, the court incorporates and adopts the reasoning set forth in its prior order *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court determined that the petitioner demonstrated a liberty interest in his continued release following his parole, and that his re-detention absent notice and a hearing violated due process.  In addition, respondents have conceded that this case is not substantively distinguishable from *Chavarria*, 2025 WL 3533606. (Doc. No. 7 at 4.)  Accordingly, the court will grant petitioner's petition for writ of habeas corpus on the merits.

/////

/////

2

For the reasons explained above,

1.   Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioner Heriberto Herrejon Hernandez, A-File No. 244-008-001, from respondent's custody on the same conditions he was subject to immediately prior to his March 21, 2026 detention;

    b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.   Petitioner's motion to proceed *in forma pauperis* (Doc. No. 5) is GRANTED;

3.   Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

4.   Petitioner's motion to appoint counsel (Doc. No. 4) is hereby DENIED as also having been rendered moot by this order granting him habeas relief;

5.   The Clerk of the Court is directed to serve the Central Valley Annex Detention Facility with a copy of this order; and

3.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **June 11, 2026**                        _____
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE